WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael David Jones,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | CIV 09-2679-PHX-GMS (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Petitioner Michael David Jones, who is confined in the Arizona State Prison Complex-Florence, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). Respondents filed an Answer (Doc. #8) on March 8, 2010. Petitioner filed a "motion for summary judgment" (Doc. #9) on March 9, 2010, and a Traverse (Doc. #10) and memorandum in support thereof (Doc. #11) on March 23, 2010.

**BACKGROUND**

On July 26, 2001, Petitioner pled guilty to the following offenses: (1) two counts of attempted murder, class 2 dangerous felonies (Counts 1 and 2); (2) three counts of aggravated assault, class 2 dangerous felonies (Counts 3-5); (3) and one count each of: (i) theft of means of transportation, a class 3 felony (Count 6); (ii) possession of a dangerous drug, a class 4 felony (Count 7); and (iii) unlawful flight from a law enforcement vehicle, a class 5 felony (Count 8). (Doc. #8, Exh. A.) Petitioner was subsequently sentenced to a 45-year term of imprisonment. (Doc. #3 at 1.)

1         On October 22, 2001, Petitioner filed a notice of post-conviction relief, and subsequently filed a petition for post-conviction relief claiming that: (1) the trial court had no jurisdiction over him because his arrest took place in another county; (2) his counsel rendered ineffective assistance because counsel did not (i) visit him often enough, (ii) object to jurisdiction, and (iii) object to the use of dismissed cases being considered as aggravating factors at sentencing; (3) his convictions violated the Double Jeopardy Clause; and (4) his plea was involuntary. (Doc. #8, Exhs. B, C.)

        On August 30, 2002, the trial court dismissed the petition finding that Petitioner had failed to present any material issue of fact or law that would entitle him to relief. (Doc. #8, Exh. D.) Petitioner did not seek review in the Arizona Court of Appeals.

        Two-and-a-half years later, on March 8, 2005, Petitioner filed a successive notice of post-conviction relief, raising one claim, alleging that the trial court improperly sentenced him to an aggravated term in violation of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). (Doc. #8, Exh. E.) The trial court dismissed the claim on March 16, 2005, finding both that the notice was untimely and that his conviction was final before <u>Blakely</u> was decided. (Doc. #8, Exh. F.) Petitioner did not seek review in the Arizona Court of Appeals.

        Over 4 years later, July 2, 2009, Petitioner filed a "Writ of Coram Nobis" which the trial court deemed a third, successive petition for post-conviction relief. (Doc. #8, Exhs. G, H.) Petitioner raised three claims alleging that: (1) the State violated the terms of the plea agreement; (2) the imposition of his aggravated prison term violated <u>Blakely</u> and <u>Apprendi</u>; and (3) his counsel rendered ineffective assistance by failing to (i) object to the imposition of sentence, and (ii) advise Petitioner regarding his plea agreement. (Doc. #8, Exh. G.) The trial court dismissed the claim reasoning that Petitioner's claims did not fall within the limited exceptions granting the court jurisdiction to consider successive post-conviction claims. (Doc. #8, Exh. H.) As such, Petitioner failed to present a cognizable Rule 32 claim. (Doc. #8, Exh. H.) Petitioner did not seek review in the Arizona Court of Appeals.

On December 23, 2009, Petitioner filed the instant Petition for Writ of Habeas Corpus. (Doc. #1.) In his Petition, Petitioner raises one ground for relief: Petitioner's Fifth and Fourteenth Amendment due process rights were violated because the presiding judge did not have authority to preside over Petitioner's trial. (Doc. #1.)

Respondents filed an Answer (Doc. #8) on March 8, 2010. Petitioner filed a "motion for summary judgment" (Doc. #9) on March 9, 2010, and a Traverse (Doc. #10) and memorandum in support thereof (Doc. #11) on March 23, 2010.

**DISCUSSION**

In their Answer, Respondents contend that Petitioner's habeas petition is untimely. In the alternative, Respondents assert that Petitioner fails to state a basis for federal habeas relief.

**A.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review. See id.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott, 304 F.3d at 921. A state petition that is not filed however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v.

DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1055-56 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See Biggs, 339 F.3d at 1048. Moreover, filing a new petition for post-conviction relief does not reinstate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The Court's review of Petitioner's post-conviction relief proceedings reveals that Petitioner's Petition for Writ of Habeas Corpus is untimely. On July 26, 2001, Petitioner pled guilty (Doc. #8, Exh. A), and was subsequently sentenced to a 45-year term of imprisonment (Doc. #3 at 1). On October 22, 2001, Petitioner filed a notice of post-conviction relief, and thereafter filed his petition for post-conviction relief. (Doc. #8, Exhs. B, C.) On August 30, 2002, the trial court dismissed the petition finding that Petitioner had failed to present any material issue of fact or law that would entitle him to relief. (Doc. #8, Exh. D.) Petitioner did not seek review in the Arizona Court of Appeals.

Petitioner's conviction, therefore, became final on September 30, 2002 – the first day after the conclusion of the 30-day period under Ariz.R.Crim.P. 32.9(c), during which Petitioner could have, but did not, petition the Arizona Court of Appeals to review the trial court's post-conviction dismissal. See 28 U.S.C. § 2244 (d)(1)(A). Thus, absent any statutory or equitable tolling, Petitioner had until September 30, 2003, in which to file his Petition for Writ of Habeas Corpus. See 28 U.S.C. § 2244(d)(1).

1. **Statutory Tolling**

As previously stated, the AEDPA provides for tolling of the limitations period when a "properly filed" application for state post-conviction relief is pending. See 28 U.S.C. § 2244(d)(2). A collateral relief application is pending "until the application has achieved final resolution through the State's post-conviction procedures." Carey, 536 U.S. at 220.

The record demonstrates that Petitioner filed his second notice of post-conviction relief on March 8, 2005 – almost one-year-and-a-half after the deadline for filing a habeas petition had expired. (Doc. #12, Exh. G.) The filing of the second petition (or subsequent successive petitions) could not revive the statute of limitations since the time period had already lapsed. See Ferguson, 321 F.3d at 823 (9th Cir. 2003) (holding that section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed).

### 2. Equitable Tolling

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007).

A petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Similarly, "the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances" warranting equitable tolling. Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005). Additionally, negligence by counsel has not been found to qualify as extraordinary circumstances justifying equitable tolling. See, e.g., Miranda, 292 F.3d at 1067-68 (attorney miscalculation of due date is not a circumstance justifying equitable tolling, even though petitioner filed his petition within time period calculated by the attorney, but 53 days after the correct AEDPA due date; the Court noted it was joining six other circuits in so holding); Malcom v. Payne, 281 F.3d 951, 962-63 (9th Cir. 2002) (no equitable tolling where counsel chose to pursue clemency and limitations period expired during that pursuit); Frye v. Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001), cert. denied, 535 U.S. 1055 (2002) (counsel's general negligence does not warrant equitable tolling).

Despite having filed a "motion for summary judgment" (Doc. #9), a Traverse (Doc. #10), and memorandum in support thereof (Doc. #11), Petitioner has not suggested any extraordinary circumstance that would justify equitable tolling, let alone demonstrated that an external impediment stymied the diligent pursuit of his rights. Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition is therefore untimely.

\\\

\\\

**B.     Non-Cognizable Claim**

In the alternative, Respondents allege that Petitioner fails to state a basis for federal habeas relief. The Court agrees.

In his Petition, Petitioner raises one ground for relief. He claims that his Fifth and Fourteenth Amendment due process rights were violated because the presiding judge failed to renew her oath of office as required by Arizona law and, therefore, did not have authority to hear Petitioner's trial. Despite Petitioner's reference to alleged due process violations, the Court's review of Petitioner's claim reveals that Petitioner is only asserting a violation of state law regarding the presiding judge's qualifications. As such, Ground I fails to constitute a basis for federal habeas relief.

The Court can grant habeas relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

Additionally, a petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996), cert. denied, 522 U.S. 881 (1997); see Engle v. Isaac, 456 U.S. 107, 119-21 (1982) ("While they attempt to cast their first claim in constitutional terms, we believe that this claim does no more than suggest that the instructions at respondents' trials may have violated state law.").

**CONCLUSION**

Having determined that Petitioner's habeas petition is untimely and, in any event, fails to state a basis for federal habeas relief, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that Petitioner's "motion for summary judgment" (Doc. #9) be **DENIED**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right and because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 20th day of May, 2010.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge