**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael David Jones, | No. CV-09-2679-PHX-GMS |
| Petitioner, | **ORDER** |
| vs. | |
| Sandra Walker, et al., | |
| Defendants. | |

Pending before the Court is the Petition for Writ of Habeas Corpus and the Motion for Summary Judgment filed by Petitioner Michael David Jones. (Dkt. ## 1, 9.) On May 20, 2010, Magistrate Judge Michelle H. Burns issued a Report and Recommendation ("R & R") in which she proposed that the Court deny Mr. Jones's Habeas Petition and his Motion for Summary Judgment with prejudice. (Dkt. # 12.) Mr. Jones filed Written Objections to the R & R on June 8, 2010 (Dkt. # 13); however, because these Objections are without merit, the Court accepts the R & R.

## STANDARD OF REVIEW

Federal district courts "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].'" *Carrillo-Lozano v. Stolc*, 669 F. Supp.2d 1074, 1076 (D. Ariz. 2009) (quoting 28 U.S.C. § 636(b)(1)); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While a district judge "must review the magistrate judge's findings and recommendations *de novo if objection is made*," *Schmidt v.*

*Johnstone*, 263 F. Supp.2d 1219, 1226 (D. Ariz. 2003)), no such review is necessary when the parties do not raise specific objections. *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that district courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection"); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [R & R] to which objection is made."); *Carrillo-Lozano*, 669 F. Supp. at 1076 (same). When a petitioner raises a general objection to the R & R, rather than specific objections, the Court is relieved of any obligation to review it. *See, e.g.*, *Sullivan v. Schriro*, 2006 WL 1516005, *1 (D. Ariz. May 30, 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.") (citing *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988).

**DISCUSSION**

Mr. Jones's sole objection to the R & R is akin to a general objection that fails to provide any basis for review. Mr. Jones sets forth his Objection as follows: "Petitioner objects to everything in the REPORT AND RECOMMENDATION, with the exception of [pg. 7; lines 1–4, 18–19]." (Dkt # 13 at 1.) Mr. Jones then restates the same arguments set forth in his Habeas Petition. (*Compare* Dkt. # 1 at 1–8 *with* Dkt. # 13 at 1–4.) This is insufficient to raise specific objections as required by 28 U.S.C. § 636(b)(1). *See Sullivan*, 2006 WL 1516005, at *1–2 (denying objections for lack of specificity when the petitioner's objection constituted a copy of the original petition).

Nonetheless, even if Mr. Jones had set forth specific objections with sufficient specificity, the Court agrees with the R & R's conclusion that Mr. Jones's Petition is untimely. *See* 28 U.S.C. § 2244(d)(1). And while Mr. Jones asserts that the time bar does not apply because he is actually innocent of the crime charged, he fails to "establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *See House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (holding that the "miscarriage of justice exception" to 28 U.S.C. § 2244(d)(1)(A)'s time bar "is limited to those *extraordinary cases* where the petitioner asserts

| 1 | . . . actual innocence").
| 2 | **IT IS THEREFORE ORDERED**:
| 3 | 1. Judge Burns's R & R (Dkt. # 12) is **ACCEPTED**.
| 4 | 2. Mr. Jones's Petition for Writ of Habeas Corpus (Dkt. # 1) is **DENIED** with prejudice.
| 6 | 3. Mr. Jones's Motion for Summary Judgment (Dkt. # 9) is **DENIED**.
| 7 | 4. A certificate of appealability is **DENIED** because Mr. Jones has not made a substantial showing of the denial of a constitutional right.
| 9 | 5. The Clerk of Court is directed to **TERMINATE** this action.
| 10 | DATED this 16th Day of June 2010.

*/s/ H. Murray Snow*
G. Murray Snow
United States District Judge